**FILED - GR**

March 4, 2020 11:04 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _tlb_   SCANNED BY: JW  /3-4-20

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

**1:20-cv-193**

Robert J. Jonker - Chief U.S. District Judge
Phillip J. Green - Magistrate Judge

ERIC WENDLANDT,

    Plaintiff

v.

Case No. _____

Honorable _____

**DEMAND FOR JURY TRIAL**

Chase Bank, JP Morgan & affiliates

207 Park Avenue

New York, New York

10017,

    Defendant(s)

**COMPLAINT & DEMAND FOR JURY TRIAL**

**Jurisdiction**

1. The above-referenced Court has jurisdiction under the Telephone Consumer Protection Act (herein referred to as the 'TCPA' and all its relevant sections), 47 U.S.C. 227 and 28 U.S.C. 1331, 1337 and all relevant prongs of the TCPA).

2. This Honorable Court, in its discretion, may opt to exercise jurisdiction over state-law related claims arising out of the same set of facts that give rise to the federal-law claims, shall they arise.

## Parties

3. The Plaintiff in this suit is Mr. Eric Wendlandt, (herein referred to as 'Wendlandt'). Wendlandt resides in Kent County, Michigan.

4. Defendant(s) are:

   a. Chase Bank (herein referred to as 'Chase') and any & all entities including but not limited to Chase Manhattan Bank, JP Morgan Chase, Chase Manhattan Mortgage, et. al.
   b. Chase is a foreign entity doing business in Michigan.

## Venue

5. Defendant Chase's violations of federal and state law occurred in Kent County, Michigan.

6. Plaintiff Wendlandt resides in Kent County, Michigan.

7. Venue is proper in Kent County, Michigan.

## Facts & Allegations

8. On or near 01 January 2018, Wendlandt started receiving telephonic communications from an automatic dialing system demanding payment from Chase bank for an alleged debt Chase bank was attempting to collect from Wendlandt (herein referred to as 'alleged debt').

9. Without consent, the unwanted, auto dialed, non-compliant communications from Chase to Wendlandt occurred via multiple phone numbers that differed with each communique.

10. Wendlandt, from January 2018 to the present date has no debt obligations nor any debt(s) to Chase bank or any of its affiliates.

11. In response to the debt collection attempts in 2018, Wendlandt called and wrote Chase Bank on 29 January 2018 (see Exhibit A).

12. On 11 February 2019 & 14 March 2019, Wendlandt again wrote Chase Bank asking to cease and desist collection attempts (see Exhibit B).

13. Wendlandt received 500+ collection communications from Chase Bank attempting to collect since 01 January 2018 to the present via random VoIP telephone numbers sent from an ATDS (Automatic Telephone Dialing System).

14. Plaintiff attempted to ascertain where the texts were originated.

15. On 04 January 2020, Plaintiff contacted 'Beverly', a supervisor in Chase's credit card division in San Antonio, Texas.

16. Plaintiff asked Beverly for Chase to cease texts. Beverly admitted that Plaintiff's phone number was in Chase's automatic telephone dialing system (ATDS). Plaintiff asked Beverly to cease & desist the unwanted, illegal texts. Plaintiff asked for Beverly's last name or employee number to which Beverly declined.

17. Plaintiff asked Beverly for the phone number(s) that Chase was texting to his wireless phone. Beverly was unable or unwilling to provide said numbers.

18. Plaintiff, through the hiring of an IT professional, was able to connect Notification short codes used to text from Chase Bank to Plaintiff's wireless phone. (see Exhibit C).

19. Wendlandt never consented to Chase's unauthorized texts / collection demands.

20. Wendlandt incurred charges as a result of Chase's unauthorized collection efforts.

21. If it has standard operating procedures, Chase Bank failed to adhere to any of its own standard operating procedures and practices pursuant to the collection of legitimate debt(s) owed.

22. A simple online search shows a myriad of times in the past decade that Chase has violated the TCPA. Chase keeps violating, in spite of losing numerous multi-million-dollar lawsuits. (see Exhibit D). Due to this fact, Wendlandt argues for treble damages.

23. Despite Wendlandt's demands to cease and desist collecting and his requests to validate the alleged debt, Chase continued texting Wendlandt.

24. Wendlandt attempted to settle his matter through email and letters. Chase Bank's representatives did not respond whatsoever to settlement attempts.

## COUNT I- TCPA, 47 U.S.C. 227 and 47 C.F.R. 16, 1200 *et seq.*

25. Plaintiff Wendlandt incorporates all the preceding facts & allegations by reference.

26. A primary function of Chase Bank is to collect consumer debts using various communication methods such as the US mails, telephone calls, texts, electronic mail, etc.

27. At all times, Chase Bank used electronic, automated telephonic systems to attempt to collect the alleged debt. These systems are clearly defined under the TCPA, specifically 47 U.S.C. 227 (a)(1) and 47 C.F.R. 64.1200(f)(1).

28. At all times, Chase Bank made collection calls and texts directly to Wendlandt's wireless phone. Chase Bank's 500+ communications were sent at all hours, days, nights and weekends as is evidenced on Wendlandt's wireless billing(s). There were 200+ illegal texts prior to Wendlandt asking Chase to cease & desist. There were 300+ illegal texts after Wendlandt wrote, emailed and called Chase asking to cease.

29. Wendlandt incurred charges as a result of Chase's unauthorized collection requests.

30. Wendlandt never gave consent to Chase Bank, its affiliates nor any other creditor to contact him on his wireless telephone.

31. Not only were these violations willful, they continued for years despite Wendlandt's written and telephone communiques to Chase Bank asking Chase to cease and desist collecting. Chase blatantly continued to violate after being notified by Wendlandt. Chase's non-compliance indicates a pattern of abusive collection practices. Wendlandt humbly asks for treble damages considering Chase's disregard for the law.

32. Wendlandt suffered damages as a result of Chase Bank's violations of the TCPA

## Demand for Jury Trial

33. Plaintiff Wendlandt respectfully requests a trial by jury.

### **Request for Judgement for Relief**

34. Plaintiff Wendlandt respectfully requests this Honorable Court award:

    a. Actual damages including emotional distress, anxiety, mental trauma, frustration and depression

    b. Statutory damages

    c. Treble damages, where applicable, for a pattern of abusive practices

    d. Costs, fees, legal/paralegal fees and attorney consultation fees

Respectfully Submitted,

ERIC WENDLANDT, *in pro per*

6699 Avonlea Court SE

Grand Rapids, MI  49546-6616

ericwendlandt5@gmail.com

Dated:  03 March 2020

PROOF OF SERVICE

I, Eric Paul Wendlandt served Chase Bank, JP Morgan, ISAOA, et. al.

I personally delivered the Complaint to JP Morgan Chase Bank's counsel, Mr. Mark Magyar, Esq. of Dykema Gossett PLLC:

Dykema Gossett PLLC

300 Ottawa Ave NW #700

Grand Rapids, MI  49503

Eric Wendlandt

6699 Avonlea Court SE

Grand Rapids, MI  49546-6616

ericwendandt5@gmail.com

Dated:  03 March 2020